UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM STRASBURG,<br>*Plaintiff,*<br><br>v.<br><br>H.A. BULL,<br>*Defendant.* | No. 1:24-cv-1174-MSN-IDD |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (ECF 9) and Plaintiff's Motion for Leave to Amend (ECF 12). For the reasons that follow, this Court will grant Defendant's motion, dismiss Plaintiff's claims, and deny Plaintiff's motion for leave to amend.

### I.  BACKGROUND[1]

####   A.  Factual Background

Plaintiff William Strasburg, *pro se*, brings Section 1983 claims against Fairfax County Police Officer H.A. Bull in his official capacity for "Malicious Prosecution violating Fourteenth Amendment 'Right to Liberty[,]' Right to Due Process[,] Libel[,] [and] Racketeering." ECF 1 ("Compl.) at 4. Plaintiff's claims arise from events occurring between August 18, 2018, and September 25, 2018. *Id.* at 5. An overview of these events follows.

**August 18, 2018**: On this date, Plaintiff alleges that Bull pulled him over and issued him several traffic tickets for "failure to obey highway sign," "[i]mproper/fictious

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

registration/title/plate," "[o]perate/permit operation of unlicensed motor vehicle," and "[f]ailure to have vehicle inspected." *Id* at 6. Bull then arrested Plaintiff and confiscated his vehicle. *Id.*

**August 22, 2018**: Several days later, Plaintiff alleges that Defendant pulled him over again, bringing additional charges for "[o]perate/permit operation of unlicensed motor vehicle." *Id.* Defendant also searched Plaintiff's vehicle and found a knife under his front seat. *Id.* Plaintiff claims this was a hunting knife used to "cut[] twine from bales of hay to feed the horses," but Defendant ultimately charged Plaintiff with "[c]arrying [a] concealed weapon" and arrested him once again. *Id.*

**September 21, 2018:** About a month later, Plaintiff claims that Bull "file[d] [a] falsified charge of '[d]rink alcohol in bar with concealed gun'" against him, listing the offense date as August 18, 2018 (the date of the prior traffic stop). *Id.* Plaintiff claims that he does not drink and has not been in a bar for 20 years, but that this charge was added to his "criminal record so Defendant would have a stronger case in court." *Id.* Plaintiff claims that he was not aware that this charge "was placed on [his] permanent criminal record by the same officer as the multiple other charges until … June [24,] 2024. *Id.*

**September 25, 2018**: On this date Plaintiff had his Court date for his August 18th and 22nd charges. *Id.*

Plaintiff attaches several documents to his Complaint from the Fairfax County General District Court's (GCD) Online Case Information System (CIS), which show the various charges against him in 2018. ECF 1-1. These documents reflect that the above 2018 charges were all finalized in court on or before November 14, 2018. *Id*

2

### B. Procedural History

On July 8, 2024, Plaintiff William Strasburg filed his complaint in this Court. ECF 1. On October 17, 2024, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. Plaintiff then moved for leave to amend on November 7, 2024, seeking "to amend the complaint to only address the most obvious and specific issues of forging a document and causing libelous harm." ECF 12. Principally, Plaintiff focuses his amendment on Bull's purported fabrication of the "drinking in a bar with concealed weapon" charge on September 21, 2018. *Id.* Plaintiff therefore seeks to add a claim that Bull violated 18 U.S.C. § 1512(c) by fabricating this charge. *Id.* at 1. Plaintiff further argues that "[t]his fact pattern creates a conspiracy to violate civil rights in violation of 18 USC [§§] 241 and 242." *Id.* Lastly, Plaintiff seeks to add claims that Bull violated his due process and equal protection rights by fabricating the charge. *Id.* at 2.

## II. LEGAL STANDARD

### A. Motion to Dismiss

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

### B. Motion for Leave to Amend

A party seeking leave to amend absent an opposing party's consent, must obtain leave of court. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* However, "a district court may deny leave if amending the complaint would be futile." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). "Amendments are futile when 'the proposed amendments could not withstand a motion to dismiss.'" *Cuffee v. Verizon Commc'ns., Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citing P*erkins v. United States*, 55 F.3d 910, 917 (4th Cir.1995)).

## III. ANALYSIS

### A. Failure to State a Claim

This Court finds that Plaintiff has failed to state a claim against Bull in his official capacity and therefore must grant Defendant's motion to dismiss. An official capacity claim under § 1983 is tantamount to a claim against the government entity for which the named defendant works. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Such a claim arises only when the municipality has undertaken an official policy or custom that causes an unconstitutional deprivation of the plaintiff's rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Here, accepting as true Plaintiff's factual allegations, H.A. Bull is a Fairfax County Police Officer. ECF 1 at 2. Plaintiff brings this complaint against Bull in his official capacity, *see id.*, so his claim is tantamount to a claim against Fairfax County. *See Kentucky*, 473 U.S. at 165-66. But Plaintiff has failed to allege any facts as to Fairfax County's policies or customs or how such policies or customs might have caused Plaintiff's alleged violations. Accordingly, the Complaint fails to state a *Monell* claim. Because Plaintiff's original complaint only asserts claims against Bull

in his official capacity, *see* ECF 1 at 2, Plaintiff's failure to state a *Monell* claim is sufficient to grant Defendant's motion to dismiss.

### B.      Leave to Amend

Plaintiff's proposed amendments cannot salvage his complaint because they also would be unable to withstand a motion to dismiss. **First**, to the extent Plaintiff purports to bring additional charges against Bull in his official capacity, those claims would similarly fail under *Monell*, because Plaintiff has failed to identify a relevant policy or custom. *See supra* Section III.A. **Second**, an amendment to add claims under 18 U.S.C. §§ 241 and 242 for purported violations of 18 U.S.C. § 1512(c) would be futile because those "criminal statues do not create a private right of action." *See, e.g., Stevens v. Town of Snow Hill, N.C.*, No. 4:19-CV-156-D, 2020 WL 6144282, at *3 (E.D.N.C. Sept. 17, 2020), *report and recommendation adopted,* No. 4:19-CV-156-D, 2020 WL6140453 (E.D.N.C. Oct. 19, 2020). **Third**, Plaintiff's proposed amendments to include claims for purported due process and equal protection violations—to the extent they are brought against Bull in his individual capacity—are also futile because these claims were not brought within the applicable statute of limitations period. The limitations period for § 1983 claims is taken from the applicable state law statute of limitations for personal injury in the state where the alleged wrong occurred. *See Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). Thus, because the alleged wrong took place in Virginia, the two-year limitations period for personal injury actions under Virginia Code § 8.01-243 applies.[2] *See A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) ("With regard to the § 1983 and equal-protection claims, the statute-of-limitations period for both is two years."); *Graham v. City of Manassas Sch. Bd.*, 390 F. Supp. 3d 702, 709 (E.D. Va. 2019) ("[T]he limitations period applicable to plaintiffs' . . . § 1983 claims is Virginia's two-year

---

[2] Virginia Code § 8.01-243 is the statute that sets forth the statute of limitations for brining personal injury or fraud actions.

5

statute for personal injury actions.") (citing Va. Code § 8.01-243(A)). Here, the limitations period expired in November 2020,[3] but Plaintiff did not file suit until July 8, 2024. Accordingly, Plaintiff's § 1983 claims are time-barred and any amendment to assert these claims would be futile.[4]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's motion to dismiss (ECF 9) is GRANTED; it is further

ORDERED that Plaintiff's claims (ECF 1) are DISMISSED; it is further

ORDERED that Plaintiff's motion to amend (ECF 12) is DENIED; and it is further

ORDERED that Plaintiff's response to Defendant's reply (ECF 17) is stricken.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

December 11, 2024
Alexandria, Virginia

---

[3] In Plaintiff's amended complaint, he asserts that the purported fabrication of the "drinking in a bar with concealed weapon" charge ultimately became part of the record on November 14, 2018. ECF 12 at 1. (Plaintiff appears to forego his earlier claim that he did not find out about this charge until June 24, 2024). Plaintiff was therefore obligated to pursue any Section 1983 claims against Bull prior to November 14, 2020.

[4] Plaintiff has also filed a response to Defendant's reply brief (ECF 17). But such a pleading is not permitted absent obtaining leave of Court. *See* E.D. Va. Local Rule 7(F)(1). For that reason, this filing will be stricken.